Christopher Stender on behalf of Alma Delia Servin-Escudero, and I'd like to reserve two minutes of my time for it. Okay. Keep track. It counts down. Yes. Thank you. For rebuttal. The Board of Immigration Appeals erred because they employed the modified categorical approach to find that a violation of Nevada Statute Section 205.2201A was a generic theft offense. In so doing, the BIA consulted the information, and based on the information, found that Servin was convicted of a generic theft. As the BIA has recently noted in Chayrez-Castrillon, quote, the IJ was not authorized to consult the conviction record in order to determine the mental state possessed by the respondent. Therefore, the Board of Immigration Appeals violated its own recent precedent in Chayrez-Castrillon and the Supreme Court's decision in Discomps by consulting the information to find that the theft to find that Servin's conviction was a generic theft offense. The BIA was limited to the elements of 205.2201A, it's a long section, in deciding whether or not that particular Section 1A is a generic theft offense under the categorical approach. As 205.2201A omits the without consent from the generic theft definition, it is a mismatch under the categorical approach. And the inquiry ends without application of the modified categorical approach. So what do we do if we look at Nevada case law? Are there any cases where there has been a conviction or even an attempt to prosecute where there has been a taking away and permanently depriving the owner of ownership with consent? I have not been able to find that. However, it is in the generic theft definition. It is an element and is expressly omitted from the Nevada statute. We did set in our brief that there could be a taking initially with the consent of the owner of the property, and later the end. And I think that is an element that needs to be proven. So since it is a mismatch under the categorical approach, it is not a theft offense. If it's not a theft offense, it's not an aggravated felony. If it's not an aggravated felony, Ms. Servine is eligible minimally for cancellation removal, and the matter should be remanded back down, not only to the BIA, but all the way down back to the immigration judge for consideration of her application and also perhaps whether or not she's even removable under the present analysis that would have to be undertaken of that particular section. Does the prosecution have to show that your client stole the subject of the theft? Do they have to prove stealing under the indictment? Under the definition of the Nevada statute, yes. I mean, that is an element. Well, we've got, what do we do with Rondalla v. Ashcroft, which is a Ninth Circuit case, and it says, I'm on 298F30 at 1153, and it says, Our generic definition of theft offense also requires a second element, namely that the exercise of control be without the true owner's consent. Paragraph, again, Section 1708 contains a functionally equivalent requirement because the government must show that the mail was, in fact, stolen. Once that fact is shown, it's also been shown that there could have been no consent to the possession. What do we do with that? If the government, if the prosecution shows he stole it, what do we do with this case? Well, it's an interesting conundrum. I looked at it closely. It's, again, if we, if the BIA is limited to the categorical approach, it's a mismatch. So whether or not the Court can infer into the Nevada statute, without consent issue, I think that's obviously an issue of statutory interpretation. I could not find anything in the Nevada case law that really discussed that in any length. But since it's in the generic Federal definition that this Court has used, and it's omitted from the Nevada statute, I think that's the end of the discussion. So what we're saying basically is the modified categorical approach was properly applied to find out which subsection under the Nevada statute, 205.220, she was convicted of. But once you get to 1A and find on the modified categorical approach that that was a proper subsection, you apply the categorical approach there and then stop. What the BIA did in their decision, they expressly applied the modified categorical approach, looked to the information to find all the elements that they needed to find for, to make this a generic theft offense. And that was clearly error under their new precedent and certainly under the Supreme Court's decision in this case. Now, you might have answered this question already, but I'm not sure. The Nevada statute starts with Steele, and then it goes on to say, carry a warrant away, take, drive away, and so on. Are those terms synonymous with Steele, or do those terms have different meanings? Well, I did not discuss that in the brief. I didn't look at that on, quite honestly, I'm not sure how I would answer that question. Unfortunately, I don't practice regularly in Nevada. And I'm not as familiar with this particular statute outside of this case. This is the first time I've had to apply it. I'm not sure how Nevada looks at that. Assuming that they are synonymous with Steele, I think that's the end of the inquiry, given what Judge Canby just read, that is to say Steele carries with it the meaning of, basically, it's a generic theft offense. Now, if they're not synonymous, then what? Because there's an or at the end of that string of words. If they're not synonymous, then, of course, I think the Petitioner would prevail because it's a mismatch, and it's not generic theft offense. Well, why is it then a mismatch in the sense of categorical? Why can't we then move to modified categorical? Because there's a whole series of things, one of which, Steele, satisfies generic, and the others do not. So then we've got to figure out, did he, in fact, quote Steele? I see what the Court's point is, but I think that, I mean, what do you do without consent? I still think that's an element that's not expressively provided for in the Nevada statute, and it would need to be proven. But the passage that Judge Canby just read to you, it strikes me as right, sort of commonsensically, that the word Steele carries with it the necessary implication of without consent. So my question is, okay, let's assume that Steele carries with it the implication of that it's taken without consent, and that some of the other words in that string of words that follows, take away, carry away, drive away, don't carry with it the implication of without consent. That sounds as though we've got several ways in which you can violate the statute, one of which satisfies generic theft, and the others do not. At that point, it seems to me that you can do modified categorical to determine whether or not he stole, or whether or not he drove away, or took away, or whatever else he might have done. Right? Wrong. I mean, I certainly think the statute potentially could be interpreted that way. I wouldn't necessarily disagree with that. Well, it doesn't make a difference whether these are simply different means of committing the same crime, or there are different elements. Yes. I mean, obviously, that's what the prior case law has recently said, whether it's means or elements, and that's under that analysis, yes. In which case, it might fall into decamp. Correct. Well, I don't think you should have been so quick to agree that steal, the word steals may, you know, incorporate the concept of without consent, because in Corio Jaime, we distinguish the case that Judge Canby is talking about on a ground I think that's favorable to you. If you've got that case over there, you might take a quick look at it and be ready on rebuttal. Why don't we hear from the government? Thank you. And you've got some time to respond. Yes. I'll reserve what I have left. Thank you. Sure. Good morning, Your Honors. I'm Erica Miles for Attorney General Holder. Page 7 of the government supplemental brief has provided this statute in its entirety for you. And as this dialogue just revealed, Petitioner's counsel concedes that the statute in its entirety is a divisible statute. He also concedes that his client was convicted under subpart 1A of the statute. So just to verify we're all on the same page, what the board did in this case after determining that Ms. Thurvin was convicted of provision 1A by looking at the documents which he concedes was permissible at that stage, the board then determined that 1A is categorically generic theft. The board did not further do a divisibility inquiry or further examine or compare the documents against the statute because, again, it determined it's categorically generic theft. And if you look at the structure of the statute as you were questioning Mr. Stender over here, it begins with intentionally steals, takes, and something away, carries away, or leads away, or drives away. So what we have here is an element is they must show stealing and taking and something away, carrying away. Stealing is necessary to show in this statute, always. I think you're ignoring some of the commas. That is to say, as I read the statute, steals, comma, takes and carries away, comma, leads away, or drives away. Four different means or four different ways in which you can violate the statute. Well, in looking at Nevada case law, I did an examination. And typically, the most common offense under this provision that comes up when you're searching for grand larceny under this 205.220 statute, 1A is the most common that comes up versus all of the others. And the case law talks about stealing as a necessary element. And we have the case of Harvey, which calls the elements here. First element, intentionally steals, takes, and something away, carries away, leads away, drives away. Second, personal goods or property with a value. Owned by another person is the third. And fourth is with the intent to permanently deprive. I also did an examination of consent and the meaning of steal in Nevada. And as counsel pointed out, there's not a lot. But the case law, if you look at old case law, at what larceny means in Nevada, larceny means without consent. We have several. Kennedy, what do you have to say about that? What we have to do, then, is read our generic definition of theft as containing pure surplusage, without consent is meaningless. No, the generic definition doesn't contain the word steal. So it's not surplusage. It's because it's theft, not larceny. So we're comparing a Nevada larceny statute next to theft. And the generic definition of theft, as you recognize What's the distinction between theft and larceny? Well, there's not. In this case, there is no distinction. I would have thought not. They're categorically the same in the Nevada statute. So I would contend that in this case, there is no distinction. And the use of the word steal is where we get the without consent. So we have old Nevada case law that's talking about its larceny statute and requiring a showing of non-consent in order to properly convict a defendant for a larceny offense. And then we also have a 1996 case talking about the word stolen. It's in the context of a stolen vehicle. But in that case, it's called Palmer v. State, 1996, Nevada statute. And in that case, they found that the testimony of the owner that he did not consent to the driving of the Jeep was sufficient to show that it was stolen. The question of stolen was what was central in that case because the person was trying to indicate that he had the consent of the owner. So while there's not a lot out there, I think there are strong indications in Nevada case law that stolen means without consent. And using the use of the word steal and just the history of larceny in Nevada is without consent. Did you find any cases in Nevada where a theft charge was used against somebody who rented a car and kept it? Where somebody had permission to use it and kept it? Originally rented it and it's fine, but what he was really doing was intending to keep it and take it to a chop shop. I did and it's called Martinez. It's a 2008 case. The problem is typically that type of offense is prosecuted under a different provision than the one we have here. It's usually grand larceny specifically of a vehicle. And in the statute in that issue, the words without consent were in there. But it turned on whether or not, so they include the words without consent in the auto theft statute. But the analysis in that case was regarding jury instructions, whether or not the person could get an instruction on an unlawful taking instead of larceny of the theft. And it turned on whether or not there was consent. And the person was trying to show that they had consent, but they exceeded the scope of their consent. And so they wanted to try and show that they were charged with a lesser offense of unlawful taking instead. So it's not exactly analogous given that the statute in the Martinez case has without consent language in there. But again, the way larceny has evolved in Nevada, and I made that clear in my brief, how this one large statute used to be several subparts. So it's been combined and reformed many times over the years. The words have changed, but the meaning has not. And you need to have a lack of consent for it to be larceny in Nevada. Therefore, here the board properly determined that this is categorically a theft offense. And therefore, Ms. Servin was convicted of an aggravated felony, and she's not eligible for the relief that she sought. I'm sorry. I think you just said the board said this is categorically? Once it determined that she was convicted under 1A. So just to backtrack again, the board, she was charged with just being convicted under the whole grand statute, 205.220. Nothing more. The judgment only says that the board applied the modified categorical approach to determine it was prong 1A, and then it determined 1A is categorically. Yes. So you're, I mean, the bottom line for your position is that you think no one could ever steal something without having first taken the property, without the owner's consent? There are no circumstances in which you could first, you could obtain the property with the owner's consent, but then later be deemed to have stolen it? I believe the way Nevada crafts its statutes and has applied it over the years, that if it's stealing, it inherently lacks consent. That's from the research I found. It would otherwise be a different offense, like unlawful taking, unlawful possession, other types of statutes, which are criminalized as well under the Nevada statutes. Just remind me, what's the language in our generic definition of theft? The language is a taking of property or exercise of control over property without consent with the criminal intent to deprive the owner of the rights and benefits of ownership, even if such deprivation is less than total or permanent. And that categorically is what we have here with prong 1A of this statute. Well, with respect to the steal part, right? I mean, you would have to concede that the takes or carries away, it may or may not be with the owner's consent, right? Take and carry away go along with steal. As I mentioned, you must steal it, which is without consent, take it and bring it, carry, lead, or drive it away. That's one element altogether. Got it. So the prosecution needs to show stealing, taking, and bringing away of one of those ways. All three. Got it. Yes. I'm not sure that can we say that the Board says, you know, we conclude that Respondent's conviction is an aggravated felony under the modified categorical approach. How do you get from there to the statement that the Board found this categorically? Sure. He was convicted under the grand statute 205.22z. Lots of different ways. Right. And so that's the point where the Board applied the modified categorical approach, and counsel conceded that that was correct, that the Board properly did that. Right. But that the Board's decision was that the Board did not have a divisible statute. Once the Board then looked at the judgment, read the language of the information, it determined she was convicted under subpart 1a. And that alone, it read the language of 1a in the statute and said, this is categorically generic theft. Where did they say it's categorically? Well, it didn't say it, but you – No, it didn't. They didn't need to, however, because if you read through the process, they simply said they read the elements listed in the indictment about stealing the purses from T.J. Maxx and that it was with the intent to permanently deprive. So they determined that under 1a, that matches. There was no discussion of divisibility. There was no discussion of some of this is theft, some of this is not. They just immediately looked at the elements in the information and said, this is generic theft. Yeah. If the Court doesn't have any other questions, we just ask that the Court deny the petition for the reasons we've stated in ARPRE. Thank you. Just briefly, and to be clear, I think the Court is correct that the BIA did apply the modified categorical approach when they looked at the subsection 1a. It's clear from the order, and they cite that they say, we conclude, however, that the response conviction is an aggravated felony theft offense under the, quote, modified categorical approach. And then they go on to, under Nevada revised statute 205.221a. They give the definition, and then they cite to the information. So I think it's clear that they applied the modified categorical approach and not the categorical approach when they looked at that subsection 1a. Now, putting to one side a little bit the vocabulary that the BIA uses, it seems to me that the government has it right. They used modified categorical approach to see what part of the statute was being used. Right. Once they get to 1a, the part of the statute that's being used, they say that that covers any reading of that statute constitutes a theft offense. So you could say with respect to 1a, they applied the categorical approach. Once they've used modified categorical approach to see what part of the statute is being prosecuted under, once you get to 1a, I think the BIA is telling us all of that, any part of that constitutes a theft offense. I respectfully would disagree. I think that's a strained reading, and it's not what their decision says. If they wanted to say that, I think they could have said that. They said they applied the modified approach. They referred to the information, but the information is in statutory terms, so it doesn't really add much information. Information, information. It doesn't add much knowledge to the analysis. And, again, just therefore, we really, Petitioner's point of view that this should be remanded. Obviously, there's been substantial changes in the law. The BIA didn't have even their own present decision to apply, so it's difficult to say really what they were driving at in this decision. And, therefore, we think remand would be appropriate. You know, I resisted the government's reading of the statute, but, in fact, as I think someone who intentionally steals, takes, and carries away, leads away, or drives away, the repetition of the word away three times suggests to me that you can violate the statute by stealing, taking, and carrying away, by stealing, taking, and leading away, and stealing, taking, and driving away. Is that a misreading of the statute? Well, I don't know if it's a misreading. I think it's a transportation, a physical moving of the property, and I think that's part of the misreading. Yeah, so I think they're giving us three different modes of getting the property out of there, so that the statute, I think, you violate the statute by stealing, and taking it, and absconding with it. That I'm now persuaded probably is the better reading of the statute. And that's reinforced by the information in this case, because the information in this case says, is charges, stealing, taking, and carrying away, and then leaves off the rest of it, that is to say, the method by which this statute was violated according to the information in this case, steal, take, and carry away. But isn't that the problem the B.A. got into with they consulted the information, the charging document, and, therefore, they've applied the modified catechol approach for their analysis of Section 1A? Well, that may or may not be right. But what I'm after right now by saying that is I'm trying to figure out how that statute is read. And the information suggests to me that the way the Nevada authorities read the statute is that you violate it by stealing it, taking it, and, in some fashion, getting it out of there, carrying, leaving, or driving away. I don't have anything further. Anything else? No, thank you. Thank you very much. Thank both sides for your arguments. And Servina Escudero v. Holder is now submitted for decision.
judges: Canby, Fletcher, Watford